UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DARIN TYRONE MONK,

        Plaintiff,

v.                                                  Case No. 09-CV-646

DR. ENRIQUE LUY, SUSAN NYGREN,
DEPUTY WARDEN KEMPER,
MAURICE KRASHIN, JANE DOE,
and JOHN DOE,

        Defendants.

_____

## ORDER

Plaintiff Darin Tyrone Monk ("Monk"), a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 arising out of the defendants' alleged indifference to his knee pain. Specifically, Monk asserts that he complained of chronic pain in both of his knees, however, his left knee was not examined for ten months and he was not given effective treatment for his pain. In connection with his action, Monk requests leave to proceed *in forma pauperis*.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Section 1915 requires all litigants to submit an affidavit including the nature of the action, the affiant's belief of entitlement to redress, and

the affiant's financial statements setting forth why the litigant is unable to pay the costs of an appeal. 28 U.S.C. § 1915(a)(1).

In addition to these statutory requirements for filing *in forma pauperis*, prisoner litigants have additional requirements under the Prison Litigation Reform Act (PLRA). Pursuant to the PLRA, a prisoner plaintiff is required to pay the full amount of the statutory filing fee, $350.00, for his action. *See* 28 U.S.C. § 1915(b)(1).

A prisoner litigant must also submit a certified copy of his trust account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The court will then assess and collect an initial partial filing fee from the prisoner. The initial partial filing fee is 20 percent of either the average monthly deposits to the prisoner's trust account, or the average monthly balance for that account for the six-month period prior to the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1).

After the initial partial filing fee is paid, the prisoner must make monthly payments of 20 percent of the preceding month's income until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). A prisoner's income included in this calculation consists of all deposits from whatever source, including gifts and bequests. *See Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). The agency that has custody of the prisoner will send payments to the court during any month in which the prisoner's income is more than $10.00, until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). The prisoner must pay the full $350.00 filing fee, even if this action is later dismissed by the court or otherwise resolved.

-2-

Case 2:09-cv-00646-JPS    Filed 07/16/09    Page 2 of 4    Document 4

As required by statute, Monk filed a certified copy of his prison trust account statement with this court. A review of this statement reveals that the average monthly balance in Monk's account for the six months preceding the filing of his complaint was $158.20. The average monthly deposit for the relevant time period was $22.44. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Monk is required to pay an initial partial filing fee of $31.64. Monk shall pay the initial partial filing fee of $31.64 to the Clerk of Court on or before **August 6, 2009**.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. Accordingly, Monk will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff**: If you do not wish to pay the filing fee as set forth in this order or do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the court by filing a letter with the Clerk of Court on or before **August 6, 2009**, stating that you do not wish to prosecute this civil action.

If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

Accordingly,

**IT IS ORDERED** that on or before **August 6, 2009**, Monk shall forward to the Clerk of Court the sum of **$31.64** as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2009

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge