# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARIN TYRONE MONK,

    Plaintiff,

    v.                        Case No. 09-C-0646

ENRIQUE LUY, SUSAN NYGREN,
DEPUTY WARDEN KEMPER, MAURICE KRASHIN,
JANE DOE AND JOHN DOE, Nurses,

    Defendants.

## ORDER

    The plaintiff, Darin Tyrone Monk, who is incarcerated at Racine Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a decision and order dated December 23, 2009, the court screened the plaintiff's amended complaint and allowed him to proceed on Eighth Amendment medical care claims against the defendants. In the same order, the court denied the plaintiff's motion to appoint counsel. The plaintiff has now filed a motion asking the court to reconsider its denial of his motion to appoint counsel.

    A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that any

nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

In support of his motion for reconsideration, the plaintiff has submitted three letters from counsel declining to represent him to show his attempts to obtain counsel on his own. Although the plaintiff has now met the threshold burden, the court also considered whether, given the difficulty of the case, the plaintiff appeared competent to try the case himself and, if not, whether the presence of counsel would likely make a difference in the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court concluded that "the plaintiff has provided a detailed complaint setting forth his claims, which indicates he is competent to litigate this case himself." Nothing in the plaintiff's motion for reconsideration changes that conclusion.

Accordingly,

2

**IT IS ORDERED** that the plaintiff's motion for reconsideration to appoint counsel (Docket #8) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge