# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARIN TYRONE MONK,

        Plaintiff,

v.                                      Case No. 09-CV-646

ENRIQUE LUY, SUSAN NYGREN,
DEPUTY WARDEN KEMPER, MAURICE KRASHIN,
JANE DOE, Nurse, and JOHN DOE, Nurse,

        Defendants.

## ORDER

The plaintiff, Darin Tyrone Monk, who is incarcerated at Racine Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a decision and order dated December 23, 2009, the court screened the plaintiff's amended complaint and allowed him to proceed on Eighth Amendment medical care claims against the defendants regarding their treatment of his knee, elbow, and foot pain. This matter is now before the court on several motions filed by the plaintiff.

First, the plaintiff filed a motion for leave to file a supplemental complaint. However, in an affidavit filed on May 17, 2010, the plaintiff asked the court to allow him to withdraw his motion. The court will grant the plaintiff's request and terminate the motion without prejudice.

Second, the plaintiff filed a motion for a temporary restraining order or motion for preliminary injunction. The plaintiff seeks a temporary restraining order under Federal Rule of Civil Procedure 65(a) to stop the defendants from continuously denying the plaintiff adequate medical care in a timely manner. He asks that the order remain in effect until his scheduled release from prison in August 2012. The plaintiff also cites that he had to file a grievance on January 13, 2010, for not being seen for chronic stomach pain, even though he already had a pending grievance that he had filed on December 10, 2009.

The defendants object to the plaintiff's motion for preliminary injunction. They indicate that a preliminary injunction is an extraordinary remedy and argue that the plaintiff has not provided admissible factual support for a preliminary injunction. Moreover, the defendants contend that the plaintiff has not provided the reasons for the injunction, the specific terms, the acts to be restrained, or the persons to be bound. The defendants further cite the requirements of the Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA"), that relief must be narrowly drawn. Finally, the defendants argue that the plaintiff has not demonstrated a reasonable likelihood of success on the merits.

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir.

2

Case 2:09-cv-00646-JPS   Filed 06/03/10   Page 2 of 5   Document 52

1997). If the plaintiff satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on non-parties. *Id.*

It appears that the affidavit the plaintiff filed on May 17, 2010, which contains sworn statements regarding the plaintiff's medical treatment, was an attempt to present admissible factual support for an injunction. Nevertheless, the plaintiff has not satisfied the initial three-step burden. He has not shown a reasonable likelihood of success on the merits; it is not clear from the record at this time that the defendants' conduct rises to the level of deliberate indifference. Additionally, the plaintiff has not shown that he will suffer irreparable harm if injunctive relief is denied. The plaintiff's motion for a temporary restraining order or a preliminary injunction will be denied.

Third, the plaintiff has filed a motion for reconsideration for an appointment of counsel. Although the plaintiff has styled this a motion for reconsideration, he is really filing a new motion for the appointment of counsel. The plaintiff cites limited law library time due to his participation in a re-entry program. He also argues that the Program Review Commission (PRC) may enroll him in the Earned Release Program (ERP) when he goes before them again in June 2010. The ERP is a 180-day treatment oriented program, and its rules require participants to refrain from legal research.

3

The plaintiff previously satisfied the threshold burden of showing a reasonable attempt to secure private counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Therefore, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id.* at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

Although some medical claims are highly complex and, depending on the ability of the *pro se* litigant, may indicate that the assistance of counsel is necessary, the court is not persuaded that this case falls into that category. The plaintiff has presented numerous detailed and clear pleadings in this case. He is able to effectively communicate with the court and cites appropriately to the applicable rules and case law. He already has conducted extensive discovery, and his only concern seems to be time to litigate this matter, not his ability. Accordingly, the court concludes that the plaintiff is competent to try this case himself. Moreover, even though his time in the law library has been reduced, he still has two and a half hours a day. Even if a workshop sometimes precludes half of that time, the plaintiff still has sufficient time in the law library to litigate this action.

The court acknowledges that the plaintiff's participation in the Earned Release Program could interfere with his prosecution of this action. However, the court will address that situation if it comes to fruition. After his June 2010 appearance before the PRC, the plaintiff shall advise the court by letter whether he signed the Earned

4

Release Program Memo of Agreement. The court will address the situation then, and the court will not issue a formal scheduling order until that time. Rather than appointing counsel, the court may consider a stay of these proceedings while the plaintiff completes the Earned Release Program, since it is a finite period of time.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to file supplemental complaint (Docket #18) be and the same is hereby **TERMINATED without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a temporary restraining order or motion for preliminary injunction (Docket #20) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for reconsideration for an appointment of counsel (Docket #44) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge